```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

HARLEYSVILLE MUTUAL           :
  INSURANCE COMPANY
                              :
v.                              Civil Action WMN-05-1107
                              :
ESTATE OF LARRY SETH GRIFFFIN
  et al.                      :

**MEMORANDUM**

Before the Court is Defendant Vito Phillip Lombardo's Motion for Partial Summary Judgment.  Paper No. 20.[1]  The motion is fully briefed.  Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary and that the motion will be granted.

This action arises out of an automobile accident which occurred on July 1, 2005, in Salisbury, Maryland.  One of the vehicles involved in the accident was owned by Defendant George Perdue Used Cars, Inc. (Perdue).  Plaintiff Harleysville Mutual Insurance Company (Harleysville) had in force a Commercial Auto Policy issued to Perdue.  At the time of the accident, the Perdue vehicle was on loan to Defendant Jennie Davis while her car was being repaired by Perdue.  The car was being driven, however, by Larry Seth Griffin.  Harleysville maintains that Griffin was not a permissive driver of the vehicle as defined in the policy.

The Complaint contains three counts.  In Count I,

---

[1] Also pending is Plaintiff's motion for leave to amend the complaint.  Paper No. 28.  That motion is unopposed and will be granted for good cause shown.

Harleysville seeks a declaratory judgment, based upon Griffin's non-permissive driver status, that it is not obligated to provide a defense or indemnification for any claims asserted against Griffin or Davis for the accident of July 1, 2004.  In Count II, Harleysville seeks a declaratory judgment that it is not obligated to provide liability coverage, uninsured or underinsured motorist benefits, or any personal injury protection coverage for any claim arising out of the July 1, 2004 accident, again based upon Griffin's non-permissive use of the vehicle.  In Count III, Harleysville asks for a declaratory judgment that, should Griffin be found to be a permissive user, Harleysville's coverage would be limited to the minimum required coverage under Md. Code Ann., Transp. § 17-103(b)(1), specifically, $20,000 per person, or $40,000 per accident.  Harleysville seeks this relief pursuant to a clause in the insurance contract that provides for limited coverage (up to the "compulsory or financial responsibility law limits") for permissive users who are customers of auto dealerships, where the covered auto is principally garaged.  Lombardo Exh. 1 at "SECTION II - LIABILITY COVERAGE," (A)(3)(a)(2)(d)(i) and (ii).[2]

---

[2] This section provides in relevant part:

    **3. Who Is An Insured**

        **a.**    The following are "insureds" for covered "autos":

In his motion for partial summary judgment, Defendant Lombardo argues that Harleysville cannot rely on the limitation of coverage in (2)(d)(i) and (ii), as that provision is made

---

    (1) You for any covered "auto".

    (2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    . . .

        (d)  Your customers, if your business is shown in the Declarations as an "auto" dealership.  However, if a customer of yours:

            (i)  Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

            (ii)  Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

inapplicable by a provision in the "Auto Dealers Supplementary Schedule" attached to the policy.  Item Five of that Supplementary Schedule provides that "[i]n accordance with paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE, Liability coverage for your customers is limited <u>unless</u> indicated below by [placing an 'X' in box]."  Lombardo Exh. 3 (emphasis added).  The box immediately below, next to the provision "If this box is checked, paragraph a.(2)(d) of WHO IS AN INSURED under SECTION II - LIABILITY COVERAGE <u>does not apply</u>," does contain an "X".  <u>Id.</u> (emphasis added).

In its opposition, Harleysville primarily cites and discusses irrelevant case law related to the issue of "permissible users."  Lombardo conceded in his motion that the issue of whether Griffin was a permissive user is not ripe at this point in the proceedings.  Mot. at 5.  The only issue relevant to Lombardo's motion is, would coverage be limited under paragraph a.(2)(d) of the policy should Griffin be found to be a permissive user?  Harleysville devotes a single sentence to that issue, arguing that the Court should deny the motion as "no discovery has been conducted on the language of the policies which may be at issue."  Opp. at 4.

Under the plain language of the policy, the provision limiting coverage to the compulsory or financial responsibility law limits is clearly inapplicable.  Harleysville has neither

4

disputed that reading of the policy nor explained how something uncovered in discovery could possibly lead to a different conclusion.  See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) ("[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit").  Accordingly, the Court will grant the motion. A separate order consistent with this memorandum will issue.

                                                              /s/
                              William M. Nickerson
                              Senior United States District Judge

Dated: November 10, 2005